UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

PATRICK HARRIS,

Plaintiff,

-against-

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS,

Defendant.

---------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-3235 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 20 2011 ★
BROOKLYN OFFICE

**MAUSKOPF, United States District Judge:**

Plaintiff Patrick Harris, presently incarcerated at the Anna M. Kross Center ("AMKC") at Rikers Island, files this *pro se* action under 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, this action is dismissed.

## DISCUSSION

Plaintiff sets forth a claim for malicious prosecution stemming from his April 27, 2011 conviction in Queens County Supreme Court. Plaintiff alleges that "the Court instructed the jury to find me guilty of the higher charge, [which] violates my rights, constitutional and due process of the law and for this reason the court can't hand down a sentence from the verdict because of their error on the law." (Compl. at 4, ¶ IV.) Plaintiff seeks $5 million in damages. (Compl. at 5, ¶ V.)

## STANDARD OF REVIEW

The Court is mindful that because plaintiff is proceeding *pro se,* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)

(citations omitted); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

## DISCUSSION

At the outset, plaintiff's claim against the Supreme Court of the State of New York County of Queens must be dismissed because § 1983 provides that an action may only be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. A court is not a "person" within the meaning of § 1983. *Zuckerman v. Appellate Div., Second Dep't, Supreme Court of State of N.Y.*, 421 F.2d 625, 626 (2d Cir. 1970). Plaintiff's claims are also barred by the doctrine of sovereign immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the Supreme Court of the State of New York County of Queens is protected against claims for damages.

Moreover, in order for plaintiff to prevail on his § 1983 claim for malicious prosecution, he must show a violation of his rights under the Fourth Amendment, *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002); *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997), and establish the elements of a malicious prosecution claim under state law. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995); *Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir. 1989); *Breitbard v. Mitchell*, 390 F. Supp. 2d 237 (E.D.N.Y. 2005). To establish a malicious prosecution claim under New York law, plaintiff must show: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. *Russell*, 68 F.3d at 36 (2d Cir. 1995); *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991). Here, it is clear that the charges against plaintiff have not terminated in his favor, as he was convicted. Therefore, plaintiff's malicious prosecution claim is dismissed pursuant to 28 U.S.C. § 1915A.

**CONCLUSION**

Accordingly, plaintiff's complaint is dismissed. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 19, 2011

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge